RECEIVED BY MAIL
OCT 0 6 2009
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) Case No. 4:07-CR-541-CDP |
| | ) |
| | ) |
| DARWIN MARKEITH HUGGANS, | ) |
| Defendant. | ) |

### DEFENDANT'S MOTION TO STRIKE AGENT STROOP'S TESTIMONY REGARDING THE FINANCES IN THE ABOVE-STYLED LAWSUIT

**COMES NOW**, the defendant, Darwin Markeith Huggans, pro se, and hereby moves this Court for leave to file his motion to strike agent Stroop's testimony regard the finances in the instant case, and states the following to this Court in support thereof:

When an agent ceases "to apply his specialized knowledge of drug jargon and the drug trade and beg[ins] to interpret

unfounded ambiguous statements based on conjecture and his general knowledge of finances..., the agent is no longer testifying as an expert but rather as a lay witness." There is a problematic nature of testimony by a witness who is both an expert and a lay witness. A case agent who testifies as an expert receives "unmerited credibility" for lay testimony. When a fact witness or a case agent also functions as an expert for the government, the government confers upon him '[t]he aura of special reliability and trustworthiness surrounding expert testimony, which ought to caution its use.' An expert could be "called upon by the government to give his opinion as to the meaning of numerous words and conversations, regardless of whether his testimony, at points, was speculative or un-necessarily repetitive." Unless closely monitored by the district court, may unfairly provide[] the government with an additional summation by having the expert interpret the evidence.

When an expert stops testifying as an expert and begins providing lay testimony, he is "no longer allowed... to testify based on hearsay information, and to couch his observations as generalized 'opinions' rather than as firsthand knowledge," as when testifying as an expert. When a dual witness "convey[s] hearsay evidence when testifying as a lay witness or base[s] his lay testimony on matters not within his personal

knowledge, he exceed[s] the bounds of properly admissible testimony." Agents incorporating hearsay into any interpretation is great, particularly given that agents meet with a number of witnesses in proffers who make hearsay statements.

In the instant case, while agent Stroop openly admitted that he was not an expert in finances, the government conferred upon him the aura of special reliability and trustiworthiness surrounding expert testimony, thus he was called upon by the government to give his opinion as to the meaning of numerous financial terms and words in which he did not know. For instance, he did not know the difference in a deed of trust from a warranty deed, neither could he define what was meant by an S Corporation.

During the course of Mr. Stroop's brief investigation into Mr. Huggans' finances, he incorrectly overstated and understated common mathimatics. On August 30, 2000, Mr. Huggans' took a loan of $71,000.00 dollars on property located at 1214-16 Monclair, St. Louis, Missouri, and on May 3, 2001, Mr. Huggans' took a loan of $40,500.00 dollars on property located at 5115 Robin Street, St. Louis, Missouri, in which the cash came directly to him because he was the sole owner. Mr. Stroop miscalculated these funds ($111,500.00) as though Mr. Huggans was purchasing additional property.

Mr. Stroop perjured himself when he stated that he was not aware the house located at 4387 Westhampton Place, St. Charles, Missouri was in both Mr. Huggans' and Carla Washington's name. On October 15, 2007, Mr. Stroop ran a query data base on this property, and it indicated that the property was purchased by Mr. Huggans and Carla Washington on June 27, 2007. DEA 6's signed off on by Mr. Stroop on October 18, 2007, reflects his tacit awareness that both Mr. Huggans and Carla Washington owned this property. Thus, on October 31, 2007, Mr. Stroop requested all custodial records on this property via the Grand Jury; the records indicated that Mr. Huggans quick deeded the property from his sole name, to his name and Carla Washington on June 20, 2007.

That prior to the summer of 2006, when this Court determined that Mr. Huggans' joined the Sais conspiracy with Anthony Stiles, Mr. Huggans and Carla Washington had a joint account (No. 86087-003) at Health Career Family Credit Union with $98,000.00 dollars; Mr. Huggans' had a account (No. 1523055-89359) at U.S. Bank with $125,768.60 dollars; Mr. Huggans' had a account (No. 003474489775) at Bank of America with $46,756.62 dollars; Carla Washington had a account (No. 010-0103541) at Pulaski Bank with $98,000.00 dollars which was transferred from Health Career Family Credit Union; and Carla Washington had a account at Bank of America with $25,000.00 dollars. Said

funds amounted to a total of $295,525.22 dollars between Mr. Huggans and Carla Washington, coupled with an additional $61,511.36 dollars deposited into Mr. Huggans' Bank of America account on July 28, 2006, and $33,000.00 dollars deposited into Mr. Huggans' Bank of America account on August 21, 2006 from the sale of two homes, totaling $390,036.58 dollars. These funds was grossly miscounted by this Court via Mr. Stroop's miscalculations and inexperience.

Mr. Stroop's testimony regarding Mr. Huggans' finances is without merit and should be stricken from the record.

**WHEREFORE**, the defendant, Darwin Markeith Huggans, pro se, pray that this Court grant leave to file his motion to strike agent Stroop's testimony regarding the finances in the above-styled lawsuit, **SO PRAYED.**

Please view defendant Huggans motion in light of <u>Haines vs. Kerner</u>, 404 U.S. 519, 520-21, 92 S.CT. 594, 30 L.Ed.2d 652 (1972).

Respectfully Submitted,

Defendant-Darwin Markeith Huggans
St. Charles County Jail
301 Second Street, Pod F-19
St. Charles, Missouri 63301

## CERTIFICATE OF SERVICE

A copy of the foregoing has been placed in the custody of the United States Postal Service, postage prepaid, on this 2nd day of October, 2009, and mailed to:

Dean Hoag, A.U.S.A.
United States Attorney's Office
Eastern District of Missouri
111 South Tenth Street, Room 20.333
St. Louis, Missouri 63102

_____
Defendant-Darwin Markeith Huggans